In re MARBLO.

No. 39116.

District Court, E. D. New York.
March 10, 1941.

Louis L. Cantwell, of New York City (Joseph Jaspan, of Brooklyn, N. Y., of counsel), for bankrupt.

Grant, Clark & Fox, of New York City, (Benton S. Clark, of New York City, of counsel), for objecting creditor.

Eugene F. O'Connor, Jr., of Brooklyn, N. Y., referee in bankruptcy.

GALSTON, District Judge.

The referee denied a discharge on the finding that the bankrupt had been the owner of 45 shares of stock of Windmill Tavern, Inc., which were omitted from his schedules; and that he had testified falsely in respect to that ownership.

It appears that the bankrupt was a restaurant manager and claimed that he was employed by the Windmill Tavern, Inc. He testified that all of the stock of that corporation was owned by his daughter, Amanda Marblo, and had been owned by her for about three years.

He was adjudged a bankrupt on May 29, 1940. On August 2, 1940, after the first meeting of creditors, the bankrupt made an affidavit in an application for a liquor license wherein he stated that he was president of the Windmill Tavern, Inc.; that his wife, Alberta Marblo, since the formation of the corporation and up to March 1, 1936, was the holder of 45 shares of the common stock; and that his daughter, Amanda Marblo, held the other 45 shares issued; that on March 1, 1936, his wife transferred her 45 shares to his daughter; that such transfer was apparently not reported because he found in checking with his accountant that he had used only a carbon copy of his bond application in filing license renewals. The affidavit concludes with a statement that there was no real consideration for this transfer "and the present 100% stockholder has previously held 50% of the stock of the corporation, and as such holder has been investigated and approved by the state liquor authority."

But in the applications for license to sell liquor executed by him as president of the corporation on September 29, 1934, September 10, 1935, September 11, 1936, September 3, 1937, October 25, 1938, August 24, 1939, and February 1, 1940, he set forth that he owned 45 shares of the common stock and

his wife the remaining 45 shares of the issued stock.

In consequence his affidavit, executed August 2, 1940, attempting to explain that the ownership of the entire issue of common stock was in his daughter, cannot be accepted at face value; nor does the stock certificate book bear out the bankrupt in his present contention that those 45 shares passed to the daughter. Certificate stub No. 8, relating to certificate No. 8, for 45 shares of stock issued to Amanda Marblo on February 2, 1936, purports to be issued in place of certificates Nos. 1 and 6. Certificate No. 1 was transferred to the daughter by the mother on March 1, 1936, subsequent to the issue of certificate No. 8 to the mother on February 2, 1936. It is significant that series 1940 of documentary stamps is affixed to the transfer of certificate No. 6, and to certificate No. 8.

The referee's order will be confirmed and the petition to review will be dismissed.